IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALFONSO BLACKMON, a/k/a,           :
YAHYA R. EL'AMIN, a/k/a,
JOHN THOMPKINS,                 :

      Plaintiff,                :

vs.                             :    CIVIL ACTION 05-0316-BH-D

SHERIFF JIMMY JOHNSON, et al.,     :

      Defendants.            :

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Corrections Center inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the claims against defendants Allen Perdue, Jonathan Armstrong, Frank Burt, Jr., George Price, Mary Frances Stewart, Charles A. Browdy, and Joe T. Faust be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), and that based on the abstention principles of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the claims for injunctive and declaratory relief be dismissed and the damages claims be stayed until the criminal proceedings against plaintiff are concluded.

## I.  Complaint (Doc. 1).

Plaintiff complains that on April 28, 2005, he was arrested on 1996 arrest warrants and contends they are not valid for a myriad of reasons, namely: (1) they were not been renewed every two years as required; (2) they were dismissed ten years ago; (3) the Alabama courts lost

jurisdiction in this matter in 1998 and 1999 when valid warrants and indictments were not

presented for final disposition within 180 days as required by the Detainers Act; and (4) the

detaining warrants are not valid because they were issued in 1996 by the court clerk who was not

a judge.  Plaintiff maintains that he is being illegally detained and wants compensatory damages

for each day of detention and for loss of his salaries, commissions, and car; punitive damages;

and "declaratory" damages, all totaling $4,290,000.00.

Plaintiff indicates that he has not been convicted (Doc. 1, at 6), but is a pre-trial detainee.

Then, in response to the complaint's question, "If this present lawsuit concerns your criminal

conviction or sentence, state whether your conviction has been: reversed, expunged, invalidated,

writ of habeas corpus granted," plaintiff provides "yes" responses except for a "no" response to

the question that his conviction has not been reversed.  These responses have added confusion to

plaintiff's vague complaint.

Plaintiff has identified numerous Baldwin County, Alabama, officials as defendants.  The

claim against each defendant will be set out *seriatim*.  Plaintiff names as defendants Allen

Perdue, Jonathan Armstrong, Frank Burt, Jr., George Price, Mary Frances Stewart, Charles A.

(Chuck) Browdy, and Joe T. Faust, who are commissioners for Baldwin County, and sues them

in their official capacity, stating "to oversee the jail operations and grand jury enpanalling and

individually liable when operations, detentions, and grand jurors are enpanalled contrary to laws

of the State and federal constitution [sic]."  Plaintiff alleges there has been a violation of his civil

rights and a conspiracy to violate his civil rights and the protections afforded him under the

Constitutions of the United States and Alabama and the Alabama Rules of Criminal Procedure.

Plaintiff also names former Baldwin County Circuit Court Clerk, Jackie Calhoun, as a

defendant, in her individual capacity, for issuing an arrest warrant against him without leave of court or pursuant to a judge's or magistrate's order, and in her official capacity, for "illegal acts [that were] violations of state and federal laws [that were] committed under the cloak of official duties."  More specifically, plaintiff alleges that in 1996 he was arrested on 1995 charges, posted bail in June or July 1996, and subsequently made court appearances, which resulted in the dismissal of the charges.  Then, defendant Calhoun issued another arrest warrant, without leave of court, which has resulted in plaintiff's present arrest.  Plaintiff also complains that defendant Calhoun has not returned the stock certificates and money, that were offered in lieu of bail in 1996, as she promised. Plaintiff contends that this is a violation of his rights under the Fourth, Thirteenth, and Fourteenth Amendments and state law.

Plaintiff further names Jimmie Johnson, Sheriff of Baldwin County, as a defendant. Plaintiff maintains defendant Johnson is required to verify the validity of a warrant before an arrest or detention occur and to renew an arrest warrant every two years, and is responsible for his transfer agent's 2005 arrest of plaintiff and for denying plaintiff an initial appearance before a judge or magistrate.

Plaintiff additionally identifies James Boyington, Baldwin County Jail Administrator, as a defendant.  Plaintiff claims this defendant condoned plaintiff's illegal detention, an Alabama Rules of Criminal Procedure violation, when he failed to address plaintiff's administrative grievance complaining about being refused an initial appearance on his 2005 arrest.

Furthermore, Calvin Means, a classification and court liaison officer, is identified as a defendant.  Plaintiff avers defendant Means failed to "verify arrest, detention and initial appearance within 72 hours as required . . . [by] A.R.C.P. 4.3(b)-5.9 and due process laws of

3

federal and state constitutions" and he refused to notify the proper authorities that plaintiff did

not have an initial appearance after plaintiff notified him of such six days after being arrested.

Officer Crenshaw and an unknown county officer who transported plaintiff from

Jefferson County, Alabama, to Baldwin County are also named as defendants.  Plaintiff contends

they violated his due process rights under state and federal law when they transported him on an

invalid arrest warrant, without verifying it, and did not take him before a judge or magistrate

within 72 hours of being arrested.

Lastly, plaintiff identifies Baldwin County as a defendant.  Plaintiff maintains that it is

liable for its employees' violations and that it failed to properly supervise its employees.  The

supporting facts offered by plaintiff are: "Baldwin County Authorities are Khan-destin is their

management of this County by implimenting, condoning due process violations within their

County by their County Officers hired and employed by said County [sic]."

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's

complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(I), a claim may be

dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490

U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a

matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## III. Discussion.

### A. Baldwin County Commissioners.

The claims in the complaint mainly involve the contested warrant, plaintiff's arrest and detention, and the lack of initial hearing.  However, the claims against the individual Baldwin County Commissioners relate to mismanagement.  Therefore, the court will address the claims against the Baldwin County Commissioners separately from the other claims that are connected to pending criminal proceedings against plaintiff.

Plaintiff alleges that the individual Baldwin County Commissioners, defendants Allen Perdue, Jonathan Armstrong, Frank Burt, Jr., George Price, Mary Frances Stewart (deceased),

Charles A. (Chuck) Broudy, and Joe T. Faust, are required to oversee the operations of the Baldwin County Jail and jail staff and the empaneling of the grand and petite juries. Plaintiff claims they have failed to perform these duties and therefore have violated his rights under the federal and state constitutions and the Alabama Rules of Criminal Procedure and that additionally they have conspired to violate these rights.

It is not apparent from plaintiff's allegations how these allegations are connected to the deprivation in the complaint, e.g., his alleged illegal arrest and detention. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). Rather, plaintiff only generally alleges that these acts violate his rights under United States Constitution. This vague pleading and lack of a connection between the complained of acts and a specific deprivation fail to state a claim upon which relief can be granted. *Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("Terms like 'due process' are inherently vague and such claims may rest on a virtually infinite number of factual scenarios."); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory allegations are subject to dismissal).

Furthermore, an examination of the law reflects the identified responsibilities, i.e., operating a jail and empaneling of jurors, are not those of the commissioners. A county, and thereby its commissioners, is only required to build and maintain a jail. *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1027 & n.7 (11th Cir. 2001) (citing ALA. CODE §§ 11-14-10, 13 (1989));

*see also Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998) (role of

commission), *cert. denied,* 525 U.S. 874, 119 S.Ct. 174, 142 L.Ed.2d 142 (1998); *Woods v.

Gamel,*132 F.3d 1417, 1419 (11th Cir. 1998) (same).  The operation of the jail is not the

responsibility of the county or its commissioners.  *Id.*  Also, the empaneling of juries, grand or

petite is not a function of the commissioners but of the courts.  ALA. CODE § 12-16-70 (a judge

shall cause to be drawn from the master jury list a sufficient number of names of persons to

obtain juries for the period needed); ALA.R.JUD.ADMIN 40 ("The presiding judge of the circuit

court, after consulting with the other circuit court judges in his or her circuit, shall select a source

or sources from which to compile a master list of all person in the county or territorial

subdivision who may be called for jury duty (a 'master jury list')").  Accordingly, plaintiff's

claims against the individual Baldwin County Commissioners, Allen Perdue, Jonathan

Armstrong, Frank Burt, Jr., George Price, Mary Frances Stewart (deceased), Charles A. (Chuck)

Broudy, and Joe T. Faust, are frivolous as a matter of law.

### B. Ongoing State Criminal Proceedings.

#### 1. Claims for Injunctive Relief.

In regard to plaintiff's other claims in his complaint, they concern ongoing state criminal

proceedings against him.  In document 6, which is a status request, plaintiff asserts that if the federal

authorities do not intervene and serve his civil action that he "could be confined at the Baldwin County

Jail 'indefinitely' on this illegal detention."  This appears to be a request for injunctive relief.  But the

complaint (Doc. 1) did not contain an injunctive relief request, only a damages and "declaratory

damages" request.  Nonetheless, based on a reading of the complaint, it would seem that a logical request

for relief would be injunctive relief.  However, plaintiff did not request this in the complaint.  In order to

fully address plaintiff's request for damages and then for "declaratory damages," a term which the court

does not understand but thinks may be a request for a declaratory relief and plaintiff's subsequent

indication in document 6 that he would like the court to intervene, the court will address a request for

injunctive relief and declaratory relief.

At the outset the court notes that injunctive and declaratory relief are not available to plaintiff in

this action.  "Since the beginning of this country's history Congress has, subject to few exceptions,

manifested a desire to permit state courts to try state cases free from interference by federal courts."

*Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).  Federal courts of equity

should abstain from interfering with state criminal prosecutions based on comity, which is the "proper

respect for state functions . . . and a continuance of the belief that the National Government will fare best

if the States and their institutions are left free to perform their separate functions in their separate ways."

*Id.* at 44, 91 S.Ct. at 750.  One of the public policy reasons against federal-court interference "is the basic

doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to

restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer

irreparable injury if denied equitable relief." *Id.* at 43, 91 S.Ct. at 750.[2]

In order for federal injunctive relief to issue in an ongoing state criminal prosecution, there must

be an irreparable injury that is "both great and immediate."  *Id.* at 46, 91 S.Ct. at 751.  However, no

irreparable injury exists when the injury is the "cost, anxiety, and inconvenience of having to defend

against a single criminal prosecution . . .[or] where the threat to the plaintiff's federally protected rights

[can] be eliminated by his defense against a single criminal prosecution." *Id.*  Moreover, there must also

be a showing of bad faith, harassment, or unusual circumstance.  *Id.* at 54, 91 S.Ct. at 755.  The

allegations in plaintiff's complaint do not evince an irreparable injury, much less one that is either great

or immediate, nor do his allegations show bad faith, harassment, or circumstances compelling

---

[2]Where a claim may be raised in the state courts or in a state court habeas proceeding, an adequate
remedy at law exists.  *Pompey v. Broward County,* 95 F.3d 1543, 1548 (11th Cir. 1996).

intervention.  Accordingly, plaintiff's allegations do not warrant this court's interference through its equitable powers in his state criminal proceeding.

Moreover, plaintiff has available to him other avenues in the state-court system in which he may present his claims, such as, the ongoing criminal proceeding itself or a writ of mandamus to a higher state court.  It is important that the state criminal system be allowed to proceed as the state's system has been fashioned to protect its interests as well as providing an opportunity for plaintiff to raise his federal constitutional questions.  *Shuler v. Meredith,* 144 Fed. Appx. 24, 26 (11th Cir. 2005) ("[S]tate courts can generally adequately address federal constitutional claims.") (citing *Butler v. Alabama Judicial Inquiry Comm'n,* 261 F.3d 1154, 1159 (11th Cir. 2001))).  Because an exception to *Younger* is not present and plaintiff has a remedy at law, the court abstains from exercising its subject matter jurisdiction over a claim for injunctive relief.  *Accord For Your Eyes Alone, Inc. v. City of Columbus, Ga.,* 281 F.3d 1209, 1217 (11th Cir. 2002) ("*Younger* abstention applies only if (1) there are pending state proceedings at the time of the federal action, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions") (citing to *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982))).

### 2.  Claims for Declaratory Relief.

Similarly, the court must abstain from exercising its jurisdiction over a request for declaratory relief.  "[W]here the state criminal prosecution was begun prior to the federal suit, the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible, under these principles declaratory relief would ordinarily be denied as well."  *Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971).  "[T]the two forms of relief will*

be virtually identical, and the basic policy against federal interference with pending state criminal prosecutions will be frustrated as much by a declaratory relief as it would be by an injunction." *Id.* Therefore, for the reasons that the court must abstain from issuing injunctive relief, it must also abstain from issuing declaratory relief in this action otherwise this court would be involved in an ongoing state criminal proceeding.

### 3. Claims for Damages.

However, plaintiff's monetary damages request is governed by the decision in *Deakins v. Monaghan*, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). The *Deakins* court observed that while the federal court may abstain from exercising its jurisdiction over an equitable relief request because the state criminal proceeding provides equitable relief, the state criminal proceeding does not provide a damages recovery. *Id.* at 204, 108 S.Ct. at 530. Thus, the *Deakins* Court ruled that where no parallel state proceeding recognizes the damages claim, the federal court must stay the claim for damages rather than dismiss the damages claim. *Id.* at 202, 108 S.Ct. at 529. This "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts, 'to assume jurisdiction where jurisdiction properly exists.'" *Id.* at 203-03, 108 S.Ct. at 530. "Staying the action 'does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition.'" *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721, 116 S.Ct. 1712, 1723, 135 L.Ed.2d 1 (1996).

Similarly, plaintiff's damages claims are due to be stayed in this action. This stay, however, is not indefinite as plaintiff's action will not linger longer than necessary on the court's docket without action being taken. Therefore, it is ORDERED that plaintiff advise the court

every six months, in writing, as to the status of the criminal proceedings against him or immediately if there is a favorable determination for plaintiff on the subject charge.  The failure to advise the court of the status of his criminal proceedings at a six-month time period or immediately upon a favorable determination of the criminal proceeding will result in the lifting of the stay and the dismissal of his action for failure to prosecute and to obey the court's order. Thus, plaintiff should notify the court by **June 1, 2006** of the status of the criminal proceeding and advise whether he wishes to continue this litigation.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that the claims against defendants Allen Perdue, Jonathan Armstrong, Frank Burt, Jr., George Price, Mary Frances Stewart, Charles A. Browdy, and Joe T. Faust be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), and that based on the abstention principles of *Younger v. Harris, supra*, the claims for injunctive and declaratory relief be dismissed and the damages claims be stayed until the criminal proceedings against plaintiff have been concluded.[3]

---

[3]There is no specific answer at this time when plaintiff may proceed on his damages claim and on what damages claim will he be able to proceed.  *See  New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 369, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989) ("For *Younger* purposes, State's trial-and-appeals process is treated as a unitary system and for the federal court to disrupt its integrity by intervening mid-process would demonstrate a lack of respect for the State as sovereign."); *see also Kowalski v. Tesmer,* 543 U.S. 125, 125 S.Ct. 564, 569-70, 160 L.Ed.2d 519 (2004) (dismissal of indigent criminal defendants in § 1983 action was warranted under *Younger* because they had ample opportunity in ongoing state criminal proceedings to challenging the law denying appointment of appellate counsel to an indigent who had pled guilty); *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted) a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** and **ORDERED** this 29<u>th</u> day of November, 2005.

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

---

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.)

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.      **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              **<u>KRISTI K. DuBOSE</u>**
                              **UNITED STATES MAGISTRATE JUDGE**

13