IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALFONSO BLACKMON, a/k/a,       :
YAHYA R. EL'AMIN, a/k/a,
JOHN THOMPKINS,                :

    Plaintiff,                :

vs.                           :   CIVIL ACTION 05-00316-BH-B

SHERIFF JIMMY JOHNSON, *et al.*,  :

    Defendants.              :

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Corrections Center inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Based upon a review of Plaintiff's claims against Defendant Jackie Calhoun, it is recommended that these claims be dismissed, prior to service of process, as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(I).

**I.  Nature of Proceedings.**

    **A.  Posture of Action.**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, while incarcerated at the Baldwin County Corrections Center.  The Court's initial screening of Plaintiff's Complaint resulted in the dismissal of Defendants who were Baldwin County Commissioners, namely, Allen Perdue, Jonathan Armstrong, Frank Burt, Jr., George

Price, Mary Frances Stewart, Charles A. Browdy, and Joe T. Faust, because the claims against them were frivolous. (Docs. 8, 14, 15). In addition, Plaintiff's claims for injunctive and declaratory relief were dismissed based on the abstention principles of <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746 (1971), and the damages claims were stayed until the criminal proceedings against Plaintiff concluded. (<u>Id.</u>) On December 20, 2005, Plaintiff was sentenced to time served and five years' probation on the 1995 charges of possession of a forged instrument, second degree; theft of property, third degree; and theft of services. (Doc. 22 at 25-26)

### B. Complaint (Doc. 1).

Plaintiff contends that he was arrested on the above-referenced 1995 charges in June, 1996 as a result of warrants issued by Defendant Jackie Calhoun, the former Circuit Court Clerk of Baldwin County, Alabama. According to Plaintiff, the warrants were not valid for a myriad of reasons, namely: (1) they were not renewed every two years as required; (2) they were dismissed ten years ago; (3) the Alabama courts lost jurisdiction in this matter in 1998 and 1999 when valid warrants and indictments were not presented for final disposition within 180 days as required by the Detainers Act; and (4) the warrants were not valid because they were issued in 1996 by the court clerk who was not a judge. Plaintiff seeks compensatory damages for each day of illegal detention and for loss of his salaries, commissions, and car;

punitive damages; and "declaratory" damages, all totaling $4,290,000.00.

At the time Plaintiff filed the Complaint, he indicated that he was a pre-trial detainee. (Doc. 1 at 13). The form complaint, which Plaintiff submitted, included the following question, "If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been: reversed, expunged, invalidated, writ of habeas corpus granted." In response to this question, Plaintiff provided "yes" responses except for the part of the question inquiring as to whether his conviction had been reversed. With respect to this part of the question, Plaintiff responded "no". Because Plaintiff's responses and some of his other filings have been less than clear, he was directed to clarify and detail the legal history of the warrants that he contends are improper. (Doc. 20). In response to the Court's Order, Plaintiff submitted a document titled "Response and Legal History" (Doc. 22).

**C. Claims Against Defendant Jackie Calhoun.**

Plaintiff has identified numerous Baldwin County, Alabama, officials as having allegedly violated his civil rights or conspiring to violate his civil rights under the Constitutions of the United States and Alabama and the Alabama Rules of Criminal Procedure. One of the listed Defendants is Jackie Calhoun. According to Plaintiff, Calhoun, in her individual capacity, allegedly issued an alias arrest warrant for Plaintiff without

3

leave of court or a judge's or magistrate's order and, in her official capacity, she allegedly committed "illegal acts, violations of state and federal laws, . . . under the cloak of official duties." (Doc. 1 at 5-6).  Plaintiff further relates that Calhoun was later terminated for embezzling "[his] court payments, stocks, and cash." (Id. at 4).  Specifically, Plaintiff alleges that in June, 1996, he was arrested on the 1995 charges, posted bail in June or July, 1996, and subsequently made court appearances, which resulted in the dismissal of the charges in October, 1996. (Id. at 8).  Plaintiff contends that the arrest warrants issued by Defendant Calhoun resulted in Plaintiff's arrest on April 28, 2005. (Id.)  Additionally, Plaintiff asserts that Calhoun failed to return to him, as promised, the stock certificates and money that he provided, in lieu of bail in 1996. (Id.)  Plaintiff contends that Calhoun's actions violated his rights under the Fourth, Thirteenth, and Fourteenth Amendments and state law. (Id.)

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(I), a claim may be dismissed

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.

as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966

---

Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251 F.3d at 1348-49.

(second brackets in original).  "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient for grounds for entitlement to relief.  Id. at 1959. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 127 S.Ct. 910, 920-21 (2007).

**III.  Discussion.**

**A.  Claim Against Defendant Calhoun Based on Arrest Warrant.**

As indicated supra, Plaintiff's claims against Defendant Calhoun arise from her issuance of arrest warrants for him in 1996 and her alleged failure to return stock certificates and money when the charges against Plaintiff were dismissed in October, 1996. (Doc. 1 at 8).  The undersigned observes, based upon a searching review of Plaintiff's Complaint, and other filings, that the Court is unable to discern any other claims that Plaintiff is attempting to assert against Defendant Calhoun because there are no other allegations directly connected to her.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights must be established in order to state a claim under § 1983).

The Court will now explore whether there are any grounds which

6

preclude Plaintiff from proceeding on his claim against Defendant Calhoun at this time.  This inquiry does not require the Court to rule on the substantive aspects of Plaintiff's claim.  A liberal construction of Plaintiff's warrant claims reveals that the claim appears to be in the nature of a malicious prosecution claim because Plaintiff is complaining about his illegal detention as a result of the warrants.  <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1096 (2007) ("[F]alse imprisonment consists of detention without legal process [and] ends once the victim becomes held <u>pursuant to such process</u>-when, for example, he is bound over by a magistrate or arraigned on charges. . . .  Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution which remedies detention accompanied . . . by <u>wrongful institution</u> of legal process."); <u>Joyce v. Adams</u>, 2007 WL 2781196, at *3 (S.D. Ga. 2007) ("[T]his Circuit has held that a Fourth Amendment unreasonable seizure claim is most closely analogous to the common law tort of malicious prosecution when the seizure involves obtaining an arrest warrant or is otherwise pursuant to legal process. . . .  An arrest warrant constitutes legal process[.]" ).

A § 1983 malicious prosecution claim is governed by the United States Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73 (1994).  In <u>Heck</u>, a prisoner filed a § 1983 damages action against the prosecutors and investigator in

7

his criminal case for their actions which resulted in his conviction.  The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding in his favor.  512 U.S. at 484, 114 S.Ct. at 2371.  The <u>Heck</u> Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the

invalidity of any outstanding criminal
judgment against the plaintiff, the action
should be allowed to proceed (footnote
omitted), in the absence of some other bar to
the suit (footnote omitted).

Id. at 486-87, 114 S.Ct. at 2372-73.

Accordingly, if a ruling in Plaintiff's favor on his claim
that Defendant Calhoun improperly issued the warrants would have
the effect of invalidating Plaintiff's convictions, then Plaintiff
must demonstrate that his convictions have been invalidated in
order to avoid dismissal of his claim under Heck.  On the other
hand, if a favorable ruling on Plaintiff's § 1983 damages claim
will not have the effect of invalidating his convictions, then his
claim may proceed unless there exists another ground that
necessitates the dismissal of his claim.  Id. at 487 n.7, 114 S.Ct.
at 2373 n.7.

In the present case, Plaintiff indicates that his convictions
have not been invalidated.  (Doc. 22 at 25).  Therefore, if a
favorable ruling on Plaintiff's damages claim based on the warrants
would undermine his convictions, his claim is frivolous and is due
to be dismissed with prejudice.  See Abella v. Rubino, 63 F.3d
1063, 1065 (11th Cir. 1995) (dismissing claim barred by Heck with
prejudice).  This Court need not decide if Plaintiff's claim, based
on the warrants, is precluded by Heck because the record reflects
that Plaintiff's claim is barred by the applicable statute of
limitations.

9

The Court finds that Plaintiff's claim concerning Defendant Calhoun's issuance of the warrant accrued when Plaintiff was initially arrested in June, 1996 on the warrants. (Doc. 1; Doc. 22 at 5-6). Under federal law, "[accrual occurs] when the plaintiff has 'a complete and present cause of action'" . . . "'that is, when plaintiff can file suit and obtain relief.'" Wallace, 127 S.Ct. at 1097 (quotations omitted). "The cause of action accrues even though the full extent of the injury is not then known or predictable." Id. Under the circumstances of this case, Plaintiff could have filed an action almost immediately after his arrest on the ground that a judge or magistrate did not sign the warrants, and if not then, he clearly could have filed after the charges were dismissed in October, 1996. Thus, his cause of action against Defendant Calhoun was complete at either of those times even though all of the alleged damages may not been known at that time.

Because a § 1983 action is described as a constitutional tort action, for statute of limitations purposes, a state's statute of limitations for personal injury actions is utilized to determine the appropriate statute of limitations for § 1983 actions. Wallace, 127 S.Ct. at 1094. In Alabama, the statute of limitations for a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). A review of the record reflects that this action was filed on May 31, 2005. (Doc. 1). Because Plaintiff's

claim accrued either when he was arrested in June, 1996, or when the warrants were dismissed in October, 1996, Plaintiff's warrant claim against Defendant Calhoun most assuredly arose two years before the filing of this action.  Accordingly, Plaintiff's warrant claim against Defendant Calhoun is barred by the two-year statute of limitations and is therefore due to be dismissed as frivolous.

**B.   Claim Against Defendant Calhoun for a Deprivation of Property Without Due Process of Law.**

Turning to Plaintiff's other claim against Defendant Calhoun, that she failed to return the stock certificates and money he gave in 1996 in lieu of bail, and that she embezzled them, (Doc. 1 at 4), the record reveals that this claim is due to be dismissed as well.

Plaintiff's claim, as described in his complaint, is best characterized as a claim for deprivation of property without due process of law.  In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194 (1984), the United States Supreme Court held that the deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when a predeprivation hearing is impractical and there is available an adequate postdeprivation remedy at the time of the deprivation. Id. at 532-33, 104 S.Ct. at 3203-04.  The Hudson Court reasoned that impracticality occurs when the loss of property occurs as a result of a "random, unauthorized act by a state employee," id. at 532, 104 S.Ct. at 3203 (quoting Parratt v. Taylor, 451 U.S. 527,

11

541, 101 S.Ct. 1908, 1916 (1981), <u>overruled on other grounds</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662 (1986)), because it is impossible for the State to know beforehand of the deprivation, negligent or intentional, and to provide a predeprivation hearing prior to the loss, <u>id.</u> at 533, 104 S.Ct. at 3203.   Some postdeprivation remedies that have satisfied due process are administrative procedures, <u>Parratt</u>, 451 U.S. at 543-44, 101 S.Ct. at 1917, or ordinary state tort litigation procedures, <u>Hudson</u>, 468 U.S. at 535-36, 104 S.Ct. at 3204.

Turning to the substantive aspects of the claim before the Court, the undersigned observes that it is undisputed that Defendant Calhoun, as a circuit clerk, was a state employee.   ALA. CODE § 12-1-15(a)(any employee of the judicial branch except for probate and municipal court judges and employees are entitled to the same employee benefits as other state employees); <u>see</u> ALA. CODE §§ 12-5-17 & 18.   An examination of Plaintiff's claim indicates that a predeprivation hearing would have been impractical at the time Plaintiff's stock certificates and money were allegedly taken. Based on Plaintiff's allegations, the deprivation occurred not as an outcome of some established procedure, but as a result of a random, unauthorized act.   Therefore, in order for Plaintiff's due process claim to be reviewable in this Court, Plaintiff must establish that there was no adequate postdeprivation procedure available to him at the time of the deprivation.   See <u>Tinney v.</u>

12

<u>Shores</u>, 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that plaintiffs' claim failed when they argued the violation was complete at the time of the deprivation because they failed to address the availability of an adequate postdeprivation remedy).

However, in the present action, Plaintiff cannot establish that he did not have an adequate postdeprivation remedy available to him at the time of the deprivation. Claims for the loss of property incurred at the hands of Alabama state agencies or departments may be presented for compensation to the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, <u>et</u> <u>seq</u>. Moreover, a state employee may be personally liable to an inmate in an ordinary tort action. <u>Milton v. Espey</u>, 356 So. 2d 1201 (Ala. 1978); ALA. CODE § 6-5-262 (1975).

Because Defendant Calhoun is a state officer, Plaintiff had available to him at the time of the deprivation an adequate postdeprivation remedy that would have compensated him for his loss, i.e., presenting a claim to the Alabama Board of Adjustment or filing an action in state court. It is not necessary that the postdeprivation remedy be available to Plaintiff at the present time to determine whether the deprivation was with or without due process. See <u>Parratt</u>, 451 U.S. at 543-44, 101 S.Ct. at 1917. It is only required that an adequate postdeprivation remedy be available to him when the deprivation occurred. <u>Id.</u> Because an adequate postdeprivation remedy was available to Plaintiff at the

13

time of his loss, the deprivation of Plaintiff's property does not violate due process. Accordingly, Plaintiff's claim against Defendant Calhoun for a deprivation of property without due process of law is frivolous and should therefore be dismissed.

**IV. Conclusion.**

For the foregoing reasons, it is recommended that Defendant Jackie Calhoun be dismissed from this action because the claims against her are frivolous as contemplated by 28 U.S.C. § 1915(e)(2)(B)(I).[2]

The attached sheet contains important information regarding objections to the Report and Recommendation

**DONE** this **7th** day of **May, 2008.**

                              _____/S/ SONJA F. BIVINS_____
                              **UNITED STATES MAGISTRATE JUDGE**

---

[2]In light of the undersigned's recommendation of dismissal, a discussion of absolute immunity defense which may be available to Defendant Calhoun on the warrant claim has been omitted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  **/S/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**