```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

ALFONSO BLACKMON, a/k/a,        :
YAHYA ABDUL LATEEF, a/k/a,
YAHYA R. EL'AMIN, a/k/a,        :

     Plaintiff,                 :

vs.                             :    CIVIL ACTION 05-00316-BH-B

SHERIFF JIMMY JOHNSON, et al.,  :

     Defendants.                :
```

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff Alfonso Blackmon's Motion for Default Judgment (Doc. 48) and Defendants Jimmy Johnson, Calvin Means, Martin Crenshaw, and Baldwin County, Alabama Commission's Motion for an Extension of Time. (Doc. 49). The referenced motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. Upon a careful review of Plaintiff's Motion and Defendants' Motion, the undersigned recommends that Plaintiff's Motion be denied, and that Defendants' Motion be granted for the reasons set forth herein.

In his motion, Plaintiff seeks an order entering judgment against Defendants due to their failure to timely file their Answer in compliance with the Court's Order entered on July 11, 2008. (Doc. 39). Subsequent to the filing of Plaintiff's motion, Defendants, on August 4, 2008, filed a motion requesting leave to

file their Answer out of time, and filed their Answer[1]. (Docs. 49, 50)  In their motion, Defendants assert that their Special Report was timely submitted on July 29, 2008 (Doc. 45); however, Defendants' counsel inadvertently failed to submit Defendants' Answer along with the Special Report.  Defendants assert that given the slight delay in the filing of their Answer, no party will be prejudiced.

The law is clear that entry of judgment by default is a drastic remedy which should be used only in extreme situations. <u>Wahl v. McLver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985).  The general preference is that cases be heard on the merits rather than resorting to sanctions that deprive litigants of their day in court. <u>Id.</u>  Based upon the record before the Court, the undersigned finds that Plaintiff's motion is due to be denied, and that Defendants' motion is due to be granted.  This case does not involve a situation in which Defendants have blatantly disregarded Orders of the Court, or have caused lengthy delays that have unnecessarily protracted this litigation.  In this case, Defendants timely submitted their Special Report. (Doc. 45).  While it is undisputed that their Answer was not timely filed along with the Special Report due to the oversight of their counsel, their Answer was filed, less than a week later, when defense counsel discovered the oversight.  The undersigned cannot discern any prejudice that

---

[1] Defendants also filed a response in opposition to Plaintiff's Motion for Default. (Doc. 51).

has resulted from this brief delay.  Accordingly, the undersigned recommends that Plaintiff's Motion for Default be DENIED, and that Defendants' Motion for an Extension be GRANTED.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **5th** day of **August, 2008.**

                                  **/S/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The  procedure  for  challenging  the  findings  and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

4

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                /S/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**